IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSHAREE MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-857-WKW-WC |
| | ) |
| CITY OF PRATTVILLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Amended Complaint (Doc. 8). On November 2, 2016, the District Judge entered an Order (Doc. 6) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Because Plaintiff has requested, and was granted, leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Amended Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Upon initial review of Plaintiff's original complaint pursuant to § 1915(e), the undersigned observed several fatal defects with the complaint as pleaded. In an Order (Doc. 7) entered on November 3, 2016, the undersigned observed as follows:

> As best the court can tell, Plaintiff, proceeding *pro se*, appears to be attempting to allege a violation of her constitutional rights stemming from the purported failure of two local government entities to adequately investigate her reports of elder abuse and neglect concerning her mother. In particular, with respect to Defendant City of Prattville, Plaintiff alleges that the police department for the City of Prattville has "been called out on numerous occasions of elder abuse and neglect[,]" but that the police "served no protection or arrests on the visible crime being committed." Compl. (Doc. 1) at 1. She alleges, "[t]he police department did nothing about the situation that resulted in death." *Id.* With respect to Defendant Sgt. Nolan Watkins, Plaintiff alleges that Sgt. Watkins testified falsely at a guardianship hearing in Probate Court "as a witness for the defendant." *Id.* at 2. She alleges that Watkins "insulted my character, gave false statements about a police report that's on file[,]" and that his testimony was "damaging to the hearing against me due to the seriousness of the hearing to protect my mother from elder abuse and neglect[.]" *Id.* Finally, with respect to Defendant Autauga County Department of Human Resources, Plaintiff alleges that entity also failed to adequately investigate and respond to her reports of elder abuse and neglect. *Id.* Plaintiff alleges that Defendant Autauga County DHR dispatched a social worker to the site of the reported abuse, but that the worker only "walked around the home taking notes an [sic] never followed up on the case[.]" *Id.* She claims Autauga County DHR "ignored the problem and allowed the abuse and neglect to keep happening which resulted in the death of my mother Mrs. Rosalie Pickett." *Id.*

Order (Doc. 7) at 1-2. The undersigned proceeded to note the myriad deficiencies with the complaint as pleaded, including that: Plaintiff lacks standing to sue the City or the County based on those agencies' purported failures to adequately investigate her complaints of criminal wrongdoing; that, by their own terms, Plaintiff's claims against the City and the County were essentially state-law claims of negligence and therefore do not state claims of constitutional violations cognizable pursuant to 42 U.S.C. § 1983; that any state-law claims

for negligence are not properly before the court because there is no diversity between Plaintiff and Defendants; and that Plaintiff's claim against Defendant Watkins, in which she alleges that Watkins "insulted her character" during his testimony in a state court proceeding, did not state a viable claim for a violation of Plaintiff's constitutional rights, and was not otherwise properly before the court as a state law defamation claim due to the lack of diversity between Plaintiff and Defendant.

There being no well-pleaded claim premised on a question of federal law for which any relief could be afforded Plaintiff, and no state-law claim properly before the court pursuant to diversity jurisdiction, the undersigned instructed Plaintiff as follows:

> Plaintiff shall, **on or before November 23, 2016**, file an amended complaint that, consistent with the principles described in this order, complies with Rule 8(a) of the Federal Rules of Civil Procedure so that this court may satisfy its statutory screening obligation and, if appropriate, Defendants may respond to Plaintiff's allegations.  Plaintiff must clearly and succinctly allege the facts with which she is aggrieved, and, as to each defendant she names in the complaint, she must clearly and succinctly allege the specific actions taken by such defendant which she alleges has violated her constitutional rights.

Order (Doc. 7) at 5.  Plaintiff timely filed her Amended Complaint (Doc. 8) on November 23, 2016.  Unfortunately, Plaintiff's Amended Complaint wholly fails to address and cure the many deficiencies described in the court's previous Order.  Indeed, Plaintiff's Amended Complaint is, if anything, a shorter and less detailed recitation of the same claims and theories presented in the original complaint.  As such, there is little for the undersigned to do but recommend dismissal of the Amended Complaint pursuant to § 1915(e)(2)(B)(ii).

The "Statement of Claim" in Plaintiff's Amended Complaint reads, in its entirety, as follows:

> On 10/31/2014 the City of Prattville and Alabama Department of Human Resources Neglected to do their job in protecting my mother, Rosalie Pickett from visible and repeated abuse and neglect that resulted in her death. It was repeatidly [sic] ignored with no attempt of enforcing the law accordingly. On 10/30/2014 Sgt. Nolan Watkins testified and slandered my name and character at a hearing under oath and in uniform; causing false judgment in the protection of my mother, Rosalie Pickett that caused the continued abuse and neglect to continue that resulted in her death.

Am. Compl. (Doc. 8) at 4. As with her original complaint, Plaintiff brings these claims on her own behalf, not on behalf of the estate of her mother. According to the Amended Complaint, Plaintiff and all Defendants are citizens of Alabama. *Id.* at 3. The jurisdictional basis proffered by Plaintiff is the court's federal question subject matter jurisdiction. *Id.* Specifically, she asserts that her claims are lodged pursuant to "42 U.S. Code § 1983 – civil action for deprivation of rights arising under Constitution, laws, or treaties of the United States" and "28 U.S. Code § 4101 Defamation, have presented any person in false light or have resulted in criticism, dishonor, slander, or condemnation of any person." *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

4

For the reasons stated by the undersigned with regard to Plaintiff's original complaint, Plaintiff's Amended Complaint fails to state any claim upon which relief could be granted.  Foremost among the deficiencies afflicting the amended complaint is that Plaintiff does not, and cannot, allege how any of the actions attributed to the Defendants somehow constitute a violation of any of her constitutional rights.  As the undersigned previously stated,

> putting aside immunity doctrines that would limit or preclude Plaintiff's § 1983 claims against the City or the County, on a fundamental level, Plaintiff has failed to state any constitutional claim against the City or the County because she lacks standing to assert any claim related to the failure of a law enforcement agency to investigate or prosecute her complaints.  This is so because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another[.]" *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Hence, Plaintiff lacks standing to assert any claim based upon the Prattville Police Department's failure to "serve[] no protection or arrests on the visible crime being committed," Compl. (Doc. 1) at 1, when Plaintiff alerted the Department to alleged elder abuse and neglect. *See, e.g., Garcia v. Miami Beach Police Dep't*, 336 F. App'x 858, 859-60 (11th Cir. 2009) (finding plaintiff lacked standing to assert a constitutional claim based upon police officers' failures to "prosecute her unidentified attackers").  Likewise, Plaintiff lacks standing to assert any constitutional claim, on her own behalf, [for] the Autauga County DHR's failure to adequately investigate her complaints of abuse or neglect as to another person.  To the extent Plaintiff intends to assert any claim related to the deficient investigations by the City or the County on behalf of her mother's estate, the claim is, as Plaintiff herself appears to recognize, a wrongful death claim premised upon a theory of "negligence," *see* Compl. (Doc. 1) at 2, which is a state law [tort] claim rather than a federal claim for a violation of Plaintiff's constitutional rights under § 1983.  In that event, the court would lack subject matter jurisdiction over such claims because, based upon the allegations in the complaint, there is no diversity of the parties.
> Finally, to the extent Plaintiff purports to assert any claim against the individual defendant, Sgt. Watkins, it appears, again, that Plaintiff has failed to state a claim upon which relief could be granted.  First, the only allegation Plaintiff makes with respect to Sgt. Watkins is that he gave false testimony during a state court hearing.  Such allegation, even if true, is insufficient to state a claim for a violation of Plaintiff's constitutional rights.  Plaintiff

5

>appears to recognize this when she asserts that Sgt. Watkins "slandered" her name.  *Id.*  Thus, the claim Plaintiff appears to assert is actually a state law tort for which this court would lack subject matter jurisdiction due to the lack of diversity between the parties[.]

Order (Doc. 7) at 3-5.  Because Plaintiff did not even attempt to address and cure these defects in her Amended Complaint, the undersigned's reasoning applies with equal force to the amended complaint and need not be reformulated here to address Plaintiff's essentially identical, if condensed, Amended Complaint.  Plaintiff can present no claim for a violation of her constitutional rights premised on the failure of the Prattville Police Department or Autauga County DHR to adequately investigate complaints of criminal abuse or neglect of her mother.  Likewise, Plaintiff cannot state a federal constitutional claim pertaining to Sgt. Watkins's alleged slander of her name and character during a state court judicial proceeding.[1]  Plaintiff's allegations, if anything, tread closer to stating traditional state law claims premised on theories of negligence and defamation.  They do not state viable federal constitutional claims and there is no diversity of the parties required to establish diversity jurisdiction over Plaintiff's state law claims.  Accordingly, Plaintiff has failed to state any claim upon which relief could be granted and her amended complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

---

[1] Plaintiff's effort to create a federal question out of her defamation claim by citing to 28 U.S.C. § 4101 is unavailing.  While that statute includes a definitional section that provides a definition of defamation, *see* § 4101(1), the statutory scheme encompassing that provision governs domestic courts' recognition of foreign judgments, including a foreign judgment for defamation.  The statute does not create a federal right of action for the state law tort of defamation and, therefore, is of no help to Plaintiff's effort to present such a claim in her federal complaint.

For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that the amended complaint be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), due to Plaintiff's failure to state any claim upon which relief could be granted.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **January 17, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of January, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE